BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:13-MC-00053-TLN-EFB |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $237,600.00 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 9553734865, HELD IN THE NAME OF TRIPLE A'S SPORTING GOODS, and | |
| APPROXIMATELY $1,151.96 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 3445818432, HELD IN THE NAME OF ARIS C. TOLEDO, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On January 3, 2013, the Internal Revenue Service – Criminal Investigation ("IRS"), executed Federal seizure warrants at Wells Fargo Bank located at 3001 Capitol Avenue, Sacramento, California.  The agents seized Approximately $237,600.00 from Wells Fargo Bank Account Number 9553734865, held in the name of Triple A's Sporting Goods and Approximately $1,151.96 from Wells Fargo Bank Account Number 3445818432, held in the name of Aris C. Toledo (hereafter "defendant funds").  The IRS

1

then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about March 1, 2013, the IRS received a claim from Aris C. Toledo asserting an ownership interest in the defendant funds.

2. The United States represents that it could show at a forfeiture trial that between May 7, 2012 and August 28, 2012, in the Eastern District of California, Aris C. Toledo or another person acting for his benefit, structured transactions by breaking up currency deposits at or below $10,000.00 to evade the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).  In particular, and as specified in greater detail in the affidavit in support of seizure warrants 2:13-SW-0001-AC and 2:13-SW-0002-AC, between May 7, 2012 and August 28, 2012, $207,500 in currency was structured into Wells Fargo Bank personal account number 3445818432 and $237,600 in currency was structured into Wells Fargo Bank business account number 9553734865.

3. The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 31 U.S.C. § 5317(c)(2) (incorporating the procedures of 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 984).

4. Without admitting the truth of the factual assertions contained above, Aris C. Toledo specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Aris C. Toledo agrees that an adequate factual basis exists to support forfeiture of the defendant funds.  Aris C. Toledo acknowledges that he is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Aris C. Toledo shall hold harmless and indemnify the United States, as set forth below.

5. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

6. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

7. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

8. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

9. Upon entry of this Consent Judgment of Forfeiture, $165,100.00 of the $237,600.00 seized from Wells Fargo Bank Account Number 9553734865 and $1,151.96 seized from Wells Fargo Bank Account Number 3445818432, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2), 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 984, to be disposed of according to law.

10. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $72,500.00 of the $237,600.00 seized from Wells Fargo Bank Account Number 9553734865 shall be returned to potential claimant Aris C. Toledo through attorney Dirk L. Manoukian.

11. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

12. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered

Consent Judgment of Forfeiture

accordingly.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED: July 30, 2013

Troy L. Nunley
United States District Judge

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

DATED: July 30, 2013

Troy L. Nunley
United States District Judge